NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-150-KKC

JOVITO STELL                                                                        PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

UNITED STATES BUREAU OF PRISONS                               RESPONDENT

**\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\***

        Jovito Stell, an individual presently in the custody of the Federal Bureau of Prisons ("BOP")

and confined at the United States Penitentiary-Big Sandy, in Inez, Kentucky, has submitted a *pro se*

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and has now paid the habeas filing

fee.

        This matter is currently before the Court for the screening of the Petition.  28 U.S.C. § 2243;

*Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).  As he is appearing *pro se*, Stell's Petition

is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the

allegations in his Petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*,

270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss the Petition at any time, or make any

such disposition as law and justice require, if it determines that the Petition fails to establish

adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**CLAIMS**

Petitioner claims that a prison disciplinary conviction was obtained in violation of his procedural due process rights and the result was arbitrary and capricious in violation of his substantive due process rights.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the allegations made in Stell's Petition and attachments to the Petition.

Stell states that he has a significant mental defect, a condition allegedly supported by his health records at the prison.  He claims that it is so bad that he was placed in Administrative Detention pending a psychological review, and he attaches a Detention Order of June 13, 2007, to support his contention.

According to Petitioner, a few days later, the "gist of the incident remains simple.  Stells [sic] was involved in a prohibited act of fighting with another inmate. (Rule 201)  That fact is not being challenged. . . . "  On July 20, 2007, a hearing on the charge was had before the Disciplinary Hearing Officer ("DHO"), who found Petitioner guilty of fighting and penalized him with the loss of Good Conduct Time ("GCT"), although the amount of the GCT is not mentioned.

Stell appealed the conviction through the BOP administrative remedy procedures and he attaches copies of the documents exchanged at the last level of appeal, that of the National Office. They reveal that Stell based his appeal on his mental condition, claiming that he should have been evaluated to see if he was competent to be tried on the charge.

The BOP's position in the administrative proceedings was that Stell appeared lucid during the proceedings, he showed an understanding of the charges, and staff adhered to the required disciplinary procedures.  The Administrator of National Inmate Appeals also noted that Petitioner

had admitted to the fight, there was corroboration from staff members, and other evidence was presented to support his conviction. "Our information does not indicate staff breached the provisions of the competency standard or had reason to question your competency. Accordingly, your appeal is denied."

Four months later, the Petitioner submitted the Section 2241 Petition herein. He asks that the Court reverse the conviction and reinstate his GCT.

## DISCUSSION

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court of the United States held that a prisoner is entitled to certain procedural due process protections if he or she is faced with either the loss of GCT or a penalty which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In disciplinary proceedings which could end in such severe penalties, the Court has dictated that the following minimal due process protections must be provided for the prisoner: (1) the right to appear before an impartial decision-making body; (2) 24-hour written notice of the charge; (3) a qualified right to call witnesses; and (4) a written statement by the fact-finder(s) as to the evidence relied on and reasons for the disposition, all as the High Court set out earlier in *Wolff v. McDonnell,* 418 U.S. 539, 564-65 (1974).

Since the penalties imposed in this case included the loss of GCT, the instant Petitioner was, indeed, entitled to these procedures. However, he does not claim that he was not given any of these due process protections. He has presented no evidence of any irregularities before or during the hearing in front of the Disciplinary Hearing Officer ("DHO").

Moreover, to the extent that Stell claims that his due process rights were violated because he did not have a competency evaluation, the record which he presents shows that he did not demand

3

one; he waived any staff or inmate assistance for his defense; and he admitted his guilt of the offense before the DHO in the face of other evidence of his guilt. Indeed, in the instant Petition, he purports to challenge his conviction while still admitting to having the fight. Stell's procedural due process claim is totally unsupported with any facts.

With regard to the Petitioner's claims of substantive due process or arbitrariness in the decision made against him, perhaps the Petitioner mis-perceives the role of the Court. A district court's role in reviewing a disciplinary conviction is extremely limited. Under *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985), a disciplinary conviction must be upheld as consistent with due process so long as there is "some evidence" to support the decision.

Case law is replete with the guiding principle that the Court has no authority under the guise of due process to review the resolution of factual disputes in a disciplinary decision; a district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support. *Superintendent,* 472 U.S. at 457. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even meager proof will suffice. *Id.* at 652.

In the instant case, the evidence included Stell's admission to fighting, statements of witnesses to the fight, and other corroboration. All of this amounts to more than "some evidence" to support Stell's guilt on the charge of fighting. In contrast, Petitioner presents no support for his claim of arbitrariness on the part of the DHO or others. Therefore, Stell's conviction and loss of GCT must stand.

Accordingly, the Court concluding that no violation of federal law taints the instant Petitioner's disciplinary conviction, either in the process or the result, and being advised, **IT IS ORDERED** as follows:

(1)     Jovito Stell's Petition for Writ of Habeas Corpus is **DENIED**;

(2)     this action will be **DISMISSED** from the docket of the Court; and Judgment will be

entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 28th day of October, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**